557 P.2d 1085

In re the MARRIAGE OF John J. FLYNN, and Margaret M. Flynn.

John J. FLYNN, Margaret M. Flynn, Sean Joseph Flynn and Margaret Mary Flynn, minor children, by their guardian ad litem, Robert H. Allen, Appellants,

v.

PHOENIX NEWSPAPERS, INC., Intervenor, Appellee.

No. I CA–CIV 3310.

Court of Appeals of Arizona, Division 1,

Department C.

Oct. 26, 1976.

Rehearing Denied Dec. 2, 1976.

Petition for Review Denied Dec. 21, 1976.

Goldstein, Mason & Ramras, Ltd. by Philip T. Goldstein, Phoenix, for appellant John J. Flynn.

Sullivan & Brook, P.C. by Otis D. Sullivan, Phoenix, for Margaret M. Flynn.

Allen, McClennan & Fels by Robert H. Allen, Phoenix, for appellants Sean Joseph Flynn and Margaret Mary Flynn.

Gust, Rosenfeld, Divelbess & Henderson by James F. Henderson and Dan Hutchinson, Phoenix, for appellee.

## OPINION

JACOBSON, Judge.

The narrow issue presented by this appeal is the authority of the superior court to seal from the public the transcript of a custody proceeding which was part of an action for dissolution of marriage, where the testimony reflected in that transcript was initially given in an open proceeding.

The background of this litigation which culminated in the trial court's order which is the subject matter of this appeal may be of titillating interest, but not legal. Suffice it to say that the marriage of John and Margaret Flynn was dissolved on March 17, 1975. As a part of that dissolution proceeding, a lengthy hearing was conducted which concerned itself with the question of the custody of the two minor children of the parties. This hearing at the time it was conducted was open to the public,[1] that is, it was not closed pursuant to A.R.S. § 25–336(C).

1. Whether the "public" attended this hearing is not clear from the record.

Following the entry of the decree of dissolution in that matter, the court reporter who was present at the custody hearing was contacted by an attorney, not representing any of the parties to the action, to prepare a transcript of those proceedings. As a result of this contact, appellant John Flynn moved the court to either destroy or seal the record of those proceedings. While appellant Margaret M. Flynn originally opposed that motion, she subsequently joined in the motion as did the minor children of the parties, through their guardian ad litem. During the proceedings on the motion, appellee Phoenix Newspapers, Inc. was allowed to intervene.

Following the taking of testimony, the submission of briefs, the preparation of the disputed transcript and the trial judge's reading of that transcript, the trial court denied the motion to seal the prior dissolution proceedings. In doing so, by written judgment, the trial court found:

"(i) the transcript of the proceedings constitutes a public record and (ii) the court is without any legal basis or authority to seal the record and prohibit the transcription and publication thereof . . .."

This appeal followed.

A great portion of the briefs before this court centered on whether the trial court has authority to seal, after the fact, the record in an open trial proceeding. However, at time of oral argument, it was conceded that such authority, in a child custody proceeding, does exist under A.R.S. § 25–336. This statute provides:

"§ 25–336. Custody hearings; priority; costs; record

"A. Custody proceedings shall receive priority in being set for hearing.

"B. The court may tax as costs the payment of necessary travel and other expenses incurred by any person whose presence at the hearing the court deems necessary to determine the best interest of the child.

"C. The court, without a jury, shall determine questions of law and fact. If it finds that a public hearing may be detrimental to the child's best interest, the court may exclude the public from a custody hearing, but may admit any person who has a direct and legitimate interest in the particular case or a legitimate educational or research interest in the work of the court.

"D. If the court finds that to protect the child's welfare, the record of any interview, report, investigation, or testimony in a custody proceeding should be kept secret, the court may then make an appropriate order sealing the record. Added Laws 1973, Ch. 130; § 2."

■ It is apparent from this statute that subsection C provides statutory authority to close a child custody hearing to the public upon a finding that such a hearing "may be detrimental to the child's best interest." Likewise, it is equally apparent under subsection D that after the fact, the record taken in open hearing may be sealed, that is, "kept secret", again upon a showing that such a sealing is necessary "to protect the child's welfare." We therefore hold that a trial judge has statutory authority upon a proper finding, to seal and keep secret the testimony occurring in a child custody proceeding, even though the original taking of that testimony occurred at an open public hearing.

■ The question in this case then evolves itself into a determination of whether the trial court in its finding that it was "without any legal basis or authority to seal the record" was aware of its authority under A.R.S. § 25–336(D) and exercised it, or whether it felt that under no circumstances it had legal power to seal the record. In our opinion, the court was completely aware of its power to seal the record upon a proper finding and exercised that power. This opinion is based upon the trial court's statement at the time of hearing after post-hearing memoranda had been filed:

"The Court: Counsel, the reason I called you in, I have received all of your briefs and read all the briefs, and I

thought we might have a little conversation here. The opinion that I have come to—well, really it isn't an opinion, but there doesn't seem to be any disagreement among counsel as to what is open and what isn't. *If it is strictly for the children's benefit, it could be closed,* in other words, questions of pure custody is not enough to open it. It has to be more than that.

"Now, from the testimony on the witness stand . . . the only way the court can really make a ruling on it is to read the transcript." (emphasis added)

The court then ordered the court reporter who took the Flynn custody hearing to prepare a transcript. It would have been completely inconsistent for the court to have a transcript prepared so that it could determine whether anything contained in it would be detrimental to the children if, in fact, the court was operating under the impression that it had no authority to seal the record in any event.

It is, therefore, our opinion that the trial court read the transcript and determined that it was not necessary to seal the record to protect the children's interest and on this ground found he had "no legal basis or authority" under A.R.S. § 25–336(D) to seal the record.

Having determined that the trial court found that it was not necessary to seal the record to protect any interest the children might have, we must now determine whether the trial court abused its discretion in making this finding. *Hackin v. First National Bank of Arizona,* 5 Ariz. App. 379, 427 P.2d 360 (1967). Since appellants do not argue that the trial court did in fact abuse its discretion and our independent review of the custody proceeding does not reveal a patent abuse of discretion, the trial court's ruling in this regard must be upheld. *Employers' Liability Assurance Corp. v. Glenns Falls Insurance Co.,* 12 Ariz.App. 362, 470 P.2d 682 (1970).

We do not need to determine in this case whether a common law right exists to seal a record, since appellants concede that the extent of that right in this case would be governed by A.R.S. § 25–336(D). Moreover, we do not determine the constitutionality of A.R.S. § 25–336(D) as suggested by appellee, the appellee having received the relief requested in the trial court.

The order of the superior court denying the motion to seal the records in Maricopa County Superior Court No. D–159531 is affirmed. It is further ordered that the stay heretofore in effect in this matter shall be dissolved upon issuance of our mandate.

FROEB, P. J., and HAIRE, C. J., Division 1, concur.