NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

KIMBERLY LEWIS, *Petitioner/Appellee,*

*v.*

WILLIAM ANDREW REHKOW, *Respondent/Appellant.*

No. 1 CA-CV 19-0075 FC
FILED 2-27-2020

Appeal from the Superior Court in Maricopa County
No. FC2002-004726
The Honorable Ronee Korbin Steiner, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Kimberly Lewis, Phoenix
*Petitioner/Appellee*

William Andrew Rehkow, Las Vegas, Nevada
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge James B. Morse Jr. joined. Judge Diane M. Johnsen specially concurred.

---

**J O N E S**, Judge:

**¶1**  William Rehkow (Father) appeals the family court's order sealing the entire family court case file in this dissolution and post-dissolution matter. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**  Father and Kimberly Lewis (Mother) were married in 2001 and divorced in October 2003.[1] For the past fifteen-plus years, Father and Mother have engaged in continuous contentious litigation concerning custody of their child (Child). *See, e.g.*, *Lewis v. Rehkow* (*Rehkow I*), 1 CA-CV 05-0042 (consolidated cases) (Ariz. App. July 6, 2006) (mem. decision); *Lewis v. Rehkow* (*Rehkow II*), 1 CA-CV 08-0401, 2009 WL 387751, at *1, ¶ 2 (Ariz. App. Feb. 12, 2009) (mem. decision).

**¶3**  This appeal concerns the circumstances surrounding the sealing of the case file, which we addressed, in part, in *Rehkow II*. As related therein, beginning in November 2005:

> Mother filed a Motion to Seal Court Records alleging that Father's pleadings negatively impacted her dance studio and that Father inappropriately attached personal documents to his pleadings concerning Mother and [Child]. On January 31, 2006, the family court granted Mother's Motion to Seal Records and directed the clerk of the court to seal the file and ordered that all future documents to not be opened without further order of the court [(the January 2006 Order)].

*Rehkow II*, 2009 WL 387751, at *1, ¶ 2. In the January 2006 Order:

---

[1] We view the facts in the light most favorable to sustaining the family court's orders. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 283, ¶ 14 (App. 2019) (citing *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007)).

> The court stated that it "[found] that the nature and content of the pleadings being presented to the [c]ourt [wer]e inflammatory to the extent that unless sealed there is a risk presented eventually to the parties' minor child. The risk is emotional in nature and the child's ultimate awareness of the contents of the [c]ourt file could certainly be detrimental to her relationship with one or both of her parents and her best interest."

*Id.* at ¶ 2 n.1. Father did not appeal the January 2006 Order, but "continued to file multiple petitions, motions, and requests concerning [Child]'s custody arrangements." *Id.* at ¶ 3.

**¶4** In November 2006, Mother filed a petition for injunction against Father for harassment. *Id.* The family court found multiple instances of harassment and granted the injunction (the December 2006 Order). *Id.* In pertinent part, the court ordered that:

> Neither party shall disseminate or discuss personally or in any written form including e-mails any of the matters presented to the [c]ourt by way of testimony, exhibit, pleading or otherwise with any third parties including media of any kind or clients or co-workers of either party. The [c]ourt determines that such commentary on this case represents an indirect attempt to intimidate or harass.

*See id.* Father, again, did not appeal. *Id.*

**¶5** Father's behavior continued, and, in February 2007, Mother moved for sanctions against him after discovering a website containing "inflammatory" information about the case that Mother believed Father was providing to the website creator. As this Court explained:

> The website was created by a private investigator, Glen Scotti, at the direction of Father and discussed details about Mother, Mother's family, and [Child]. Additionally, the website contained a full discussion of Mother and Father's custody dispute, including, but not limited to, a discussion of the pleadings filed and the family court's hearing that occurred after the court ordered the court record sealed.

*Id.* at ¶ 4 n.4. After an evidentiary hearing, the family court found Father in violation of the December 2006 Order, noting "Father's actions in disseminating information so that it could be placed on a website in full

view of the general public not only represented harassment of Mother but was an act not in the best interest of the parties' [C]hild." *See id.* at ¶ 4. The court held Father in contempt and imposed sanctions. *Id.*

**¶6** Notwithstanding the January 2006 Order sealing the case file, the family court temporarily unsealed the case file at various points during litigation to allow the parties and other participants access to, for example, transcripts and copies of specific judgments to be recorded. After each instance, in nearly the same language, the court ordered the case file to be "re-sealed and remain sealed for all purposes, subject to further order of th[e] [c]ourt."

**¶7** Moreover, upon Father's motion in early 2007, the family court granted him access to the sealed case file "through the Maricopa County Clerk's Office for the purpose of copying any documents" so that he could pursue a pending appeal in this Court and complaints Father reportedly filed with the Commission on Judicial Conduct and the State Bar of Arizona. In granting Father access to the case file, the court reiterated that Father could not disseminate documents to any other individuals or entities. Father's counsel "in other proceedings" was also permitted to access the case file. The court further granted the State Bar of Arizona access to three specific documents in the case file to be used "solely in furtherance of its investigation" into Father's complaint regarding Mother's counsel and ordered that the documents were not to be disseminated further.

**¶8** In March 2010, the family court modified the January 2006 Order to allow the case file to be viewed by the parties, counsel, and certain other individuals involved in two civil actions brought by Father and Scotti against City of Phoenix employees (the City). Although, upon request, the court granted the City permission to make copies of certain documents within the case file, it denied a similar request by Father after noting that Father "*already has access* to the [case] file," but, for "legitimate reasons," had been previously barred from making copies or disseminating records. Nevertheless, the court, in the fall of 2012, granted Father, among others, permission to use certain documents from the case file in a separate civil case.

**¶9** In January 2016, Father moved to unseal the case file. After ordering Child's best-interests attorney to provide a list of items to remain "sealed or marked confidential," the family court ordered the case file unsealed "from **January 1, 2015 forward only**." The court specified "[t]he

remainder of the file prior to January 1, 2015 [would] remain sealed until further [o]rder of the [c]ourt."

¶10 On November 8, 2018, Mother moved to reseal the case file, citing the best interests and safety of Child and Mother.[2] Mother advised Scotti's website had been updated as recently as three days earlier, and Child's name had been re-published. Mother alleged the sole purpose of the website was to "harass, embarrass and financially hurt" Child and Mother, reiterating that Child now danced and taught at Mother's studio.

¶11 Father responded and objected to Mother's motion to reseal the case file. The family court granted the motion over Father's objection, finding, in its December 2018 Order:

> [Father]'s response further supports why this case should be sealed from the public, with [Father] including significant information absolutely unnecessary to the response. The [c]ourt finds that the privacy interests of the [C]hild outweigh the public interest in disclosure. The [c]ourt further finds that there is no less restrictive means to achieve this overriding interest.

The December 2018 Order required "all future documents in this cause, not to be opened or disseminated without further order of the court."

¶12 Rehkow timely appeals, and asserts we have jurisdiction over his appeal pursuant to Arizona Revised Statutes (A.R.S.) § 12-2101(A)(2) and (5).[3] The basis for our jurisdiction is not disputed, but nor is it clear. *See McCarthy v. McCarthy*, 247 Ariz. 414, 415, ¶ 4 (App. 2019) (explaining an appellate court has an independent duty to examine its jurisdiction to consider matters on appeal) (citing *Camasura v. Camasura*, 238 Ariz. 179, 181, ¶ 5 (App. 2015)). Nonetheless, given the nature of this dispute and the competing interests at stake, we choose to treat Father's appeal as a petition

---

[2] Mother also requested the family court to order Father and Scotti to remove the Child's name, Mother's name, and the name of Mother's business, as well as "anything to do with the family case past or present" from the website. The court denied this request, stating it had "no authority to direct a person, not a party to this action, to modify his website." Neither party appeals that determination.

[3] Absent material changes from the relevant date, we cite the current version of rules and statutes.

for special action and accept jurisdiction. *See Danielson v. Evans*, 201 Ariz. 401, 411, ¶ 35 (App. 2001) (citing *Lloyd v. State Farm Mut. Auto. Ins.*, 189 Ariz. 369, 375 (App. 1996), and A.R.S. § 12-120.21(A)(4)).

## DISCUSSION

**¶13** We review a family court's decision to seal records for an abuse of discretion. *See In re Marriage of Flynn*, 27 Ariz. App. 653, 655 (1976) (citing *Hackin v. First Nat'l Bank of Ariz.*, 5 Ariz. App. 379, 385 (1967)). "We will accept the court's findings of fact unless they are clearly erroneous, but [] draw our own legal conclusions from facts found or implied in the judgment." *Nash v. Nash*, 232 Ariz. 473, 476, ¶ 5 (App. 2013) (citing *McNutt v. McNutt*, 203 Ariz. 28, 30, ¶ 6 (App. 2002)).

**¶14** Court records in the State of Arizona are presumed open to members of the public for inspection or copying. Ariz. R. Sup. Ct. 123(c)(1). "However, in view of the possible countervailing interests of confidentiality, privacy or the bests interests of the state[,] public access to some court records may be restricted or expanded in accordance with [Arizona Rule 123 of the Supreme Court], or other provisions of law." *Id.*

**¶15** Pursuant to Arizona Rule of Family Law Procedure (ARFLP) 17(a), "[a]ny person may request that the court seal . . . [a family] court record . . . by filing a written motion, or the court may on its own motion seal a . . . court record." Thereafter, "[t]he court may order the court files and records, or any part thereof, to be sealed[,] . . . provided the court enters written findings of fact and conclusions that the specific sealing . . . is justified." ARFLP 17(c). Specifically, the court must find:

    (1) there exists an overriding interest that overcomes the right of public access to the record;

    (2) the overriding interest supports sealing . . . the record;

    (3) a substantial probability exists that the overriding interest will be prejudiced if the record is not sealed . . . ;

    (4) the proposed sealing . . . is narrowly tailored; and

    (5) no less restrictive means exist to achieve the overriding interest.

*Id.*; *see also* ARFLP 13(e)(2) ("[T]he court may find that the confidentiality or privacy interests of the parties, their minor children, or another person

6

outweigh the public interest in disclosure [of court records].").  "After making that finding, the court may order that any record of a family court matter be closed or deemed confidential or may otherwise limit access to those records."  ARFLP 13(e)(2); *see also Nash*, 232 Ariz. at 483, ¶ 40.

**¶16**　　　　Father relies upon several decisions of the U.S. Court of Appeals for the Ninth Circuit that indicate a party seeking to seal court records in a civil case bears the burden of overcoming a strong presumption of public access.  The Ninth Circuit recognizes, however, that "[t]he common law right of access [] is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Court − N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)). These principles are adequately encompassed within ARFLP 17(c)'s requirement that the court find an overriding interest and no less restrictive means before sealing a family court record.

**¶17**　　　　Here, the family court sealed the case file, including future filings, and prohibited the parties from disseminating case file materials without prior authorization.  Although Father argues the family court did not provide "any reasons" for doing so, and contends the record is devoid of any compelling reasons or facts that would support the court's order, we find otherwise.

**¶18**　　　　In its order, the family court specifically found Child's privacy interests outweigh the public's interest in disclosure.  The court implicitly concluded a substantial probability that Child's privacy interests will be prejudiced if the record was not sealed given that Father had included "significant information absolutely unnecessary [in his] response [to Mother's November 2018 motion to seal]."  These findings are consistent with Father's lengthy history of filing inflammatory pleadings containing sensitive personal information, and support the court's finding that "no less restrictive means" were available to prevent dissemination of such material.  Indeed, the record reflects the court temporarily allowed Father to access documents in the case file dated after January 1, 2015.  Rather than use this opportunity to prove he could be responsible with the sensitive information contained therein, Father continued to use the information to harass Child and Mother.  The court's findings satisfy ARFLP 17 and are supported by the record.  Accordingly, Father fails to establish any abuse of discretion.

**CONCLUSION**

**¶19**       We accept special action jurisdiction and deny relief.

**J O H N S E N**, Judge, specially concurring:

**¶20**       I concur with the court's decision.  I write only to express my concern about an order, such as that at issue here, which bars a party to a litigation from viewing and making copies of documents filed in his or her own case.  As interpreted by the parties here, the order at issue prohibits the Clerk of the Superior Court from allowing either party to see or copy anything in the case file, notwithstanding that the records in that file all presumptively were filed and served by one or the other of the parties (or are rulings by the court based on the parties' filings).  Although Father does not raise the issue on appeal, I know of no authority allowing a court in a case such as this to enter an order shielding an entire court file from the view of the parties.  The family court has the power to seal a record from public view only when, *inter alia*, "there exists an overriding interest that overcomes the right of public access to the record."  ARFLP 17(c)(1).  Further, upon entry of an order under the rule, "[a]ccess by the public to sealed records will be allowed only after entry of a court order in accordance with this rule."  *Id.* 17(d).  Here, Mother argues Father has engaged in a longstanding practice of sharing the contents of court filings with a friend who posted them to the internet.  But the family court has remedied that issue by specifically ordering Father not to disseminate any information in the court file to any third party.  Accordingly, to the extent the order at issue here additionally prevents the parties from seeing or copying documents in the file in their case, it is neither "narrowly tailored" nor the least restrictive means to "achieve the overriding interest" on which the order is based.  *Id.* 17(c)(4)-(5).

